IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TIMOTHY L. YOUNGBLOOD, #B-02004, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 18-CV-1723-SMY |
| WEXFORD, KEVIN KINK, FALYAZZ AHMED, DR. SHAW, JOHN BALDWIN, SHERRY BENTON, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy L. Youngblood, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Lawrence Correctional Center ("Lawrence"), brings this *pro se* action pursuant to 42 U.S.C. § 1983. According to the Complaint, Plaintiff is being denied adequate medical care for an inguinal hernia on the left side of his groin. Plaintiff seeks monetary damages and injunctive relief, including "emergency" surgical repair of the hernia.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from suit.

Upon careful review of the Complaint and any supporting exhibits, the Court finds that this case will proceed past threshold.

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff was diagnosed with two inguinal hernias prior to being transferred to Lawrence. (Doc. 1, pp. 5-13). The first diagnosis was in April 2013 for an inguinal hernia located on the right side of his groin. *Id.* The second diagnosis was in 2016 for an inguinal hernia located on the left side of his groin. *Id.*[1] In April 2017, while Plaintiff was incarcerated at Menard Correctional Center ("Menard"), the first hernia became incarcerated, necessitating emergency surgery. (Doc. 1, pp. 12, 29). The surgeon observed that the second hernia was worse than originally believed and recommended surgical repair. (Doc. 1, pp. 12-13).

In August 2017, Plaintiff was transferred from Menard to Lawrence. (Doc. 1, p. 11). Since being transferred to Lawrence, Plaintiff has repeatedly sought treatment for his second hernia and has repeatedly complained about severe pain and worsening symptoms. (Doc. 1, pp. 6-38).

Dr. Ahmed (Doc. 1, pp. 11-12, 17-21) and Dr. Shaw (Doc. 1, pp. 12, 23-27) have exhibited deliberate indifference to Plaintiff's serious medical condition by denying and/or delaying treatment, including surgical repair. This unconstitutional medical care results from a policy, custom, or widespread practice espoused by Wexford (Doc. 1, pp. 14-15) and instituted by IDOC Director Baldwin (Doc. 1, p. 28), which does not consider the patient's level of pain as factor when assessing the need for surgery, and other problematic policies. IDOC Director Baldwin (Doc. 1, pp. 12, 28-32), Warden Kink (Doc. 1, pp. 16-17), and Administrative Review Board member Benton (Doc. 1, pp. 12, 33-38) know that Plaintiff is receiving constitutionally inadequate medical care (because of his numerous grievances and complaints) but have failed to

---

[1] Plaintiff is presently pursuing an Eighth Amendment claim against officials at Menard for delaying or denying treatment for both hernias. *See Youngblood v. IDOC*, 17-cv-807-DRH-SCW. After filing that action, Plaintiff was transferred from Menard to Lawrence.

intervene on his behalf.

In connection with these claims, Plaintiff seeks monetary damages and injunctive relief. Plaintiff's request for injunctive relief includes requests for "emergency" surgical repair of the hernia on the left side of his groin, various tests, and a "preliminary and permanent" injunction directing officials to adopt new policies pertaining to hernia repair. (Doc. 1, pp. 57-59).

## **Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these Counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious medical needs when they delayed or denied treatment for his inguinal hernia.
>
> **Count 2:** Illinois state law claim for the intentional infliction of emotional distress against Defendants for delaying or denying treatment for Plaintiff's inguinal hernia.
>
> **Count 3:** Illinois state law medical malpractice claim against Dr. Shaw and Dr. Ahmed.

## **Count 1**

The Seventh Circuit Court of Appeals recognizes hernias as a serious medical condition for Eighth Amendment purposes, *see,* e.g., *Heard v. Tilden*, 809 F.3d 974 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011), and Plaintiff alleges that Defendants exhibited deliberate indifference to that condition. Specifically, Plaintiff claims that Dr. Ahmed (Doc. 1, pp. 11-12, 17-21) and Dr. Shaw (Doc. 1, pp. 12, 23-27) denied his requests for surgical repair for nonmedical reasons, ignored his complaints about severe pain and worsening

3

symptoms, and otherwise failed to treat his hernia. These allegations are sufficient to allow Count 1 to proceed as to both physicians. *See* e.g., *Farmer v. Brennan*, 511 U.S. 825 (1994); *Perez v. Fenoglio,* 792 F.3d 768 (7th Cir. 2015).

Count 1 may also proceed against Director Baldwin (Doc. 1, pp. 12, 28-32), Warden Kink (Doc. 1, pp. 16-17), and Administrative Review Board Member Benton (Doc. 1, pp. 12, 33-38) to the extent that Plaintiff is alleging these officials "turned a blind eye" to his complaints about unconstitutional medical care. *See Perez,* 792 F.3d at 781-82. Finally, Plaintiff's allegations pertaining to policies implemented and/or maintained by IDOC Director Baldwin and Wexford are sufficient to allow Count 1 to proceed as to both defendants. *See Heard v. Tilden*, 809 F.3d 974 (7th Cir. 2016); *Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

Accordingly, Count 1 will proceed against Wexford, Warden Kink, Dr. Ahmed, Dr. Shaw, IDOC Director Baldwin, and Administrative Review Board member Benton.

**Count 2**

Plaintiff has asserted a state law intentional infliction of emotional distress claim against Defendants for depriving him of adequate medical care. Under Illinois law, the tort of intentional infliction of emotional distress covers only acts that are truly "outrageous," that is, an "'unwarranted intrusion ... calculated to cause severe emotional distress to a person of ordinary sensibilities.' " *Knierim v. Izzo*, 174 N.E.2d 157, 164 (Ill. 1961) (quoting *Slocum v. Food Fair Stores of Fla*., 100 So. 2d 396 (Fla. 1958) ). The claim has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional

distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

At this early stage, the Court cannot say that this standard has not been met with respect to Defendants. Accordingly, Count 2 will proceed against Wexford, Warden Kink, Dr. Ahmed, Dr. Shaw, IDOC Director Baldwin, and Administrative Review Board member Benton.

**Count 3**

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the Complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least

5

afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in Count 3 shall be dismissed. However, the dismissal will be without prejudice at this time, and Plaintiff will be allowed 90 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of Count 3 may become a dismissal with prejudice.

### Request for Preliminary Injunction

In his request for relief, Plaintiff seeks "emergency medical surgery" and a "preliminary and permanent" injunction directing officials to revise policies pertaining to surgical repair of hernias, in addition to monetary damages. (Doc. 1, pp. 57-59). In light of these requests, the Clerk is **DIRECTED** to **ADD** a Motion for Preliminary Injunction as a docket entry in CM/ECF. However, Plaintiff did not file a separate motion in support of the request, and he did not set forth the reasons he is entitled to this relief under Rule 65(a) of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue the Motion, he must file a brief in support of the motion for preliminary injunction within thirty (30) days (October 18, 2018). Failure to do so by this deadline will result in dismissal of the motion without prejudice.

### Pending Motions

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) shall be addressed in a separate order of the Court.

Plaintiff's Motion for Appointment of Counsel (Doc. 3) shall be **DENIED** at this time.

When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

As to the first question, it appears that Plaintiff has made reasonable efforts to obtain counsel on his own (he describes several unsuccessful attempts). As to the second question, Plaintiff states that counsel is necessary because the case involves medical care. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. Plaintiff's pleadings indicate that he can read and write in English effectively. Plaintiff appears competent to try this matter without representation at this early stage. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Disposition

The **Clerk** is also **DIRECTED** to add "Motion for Preliminary Injunction" as a docket entry in CM-ECF based on the reasoning herein. However, if Plaintiff wishes to pursue the Motion, he must file a brief in support within thirty (30) days (on or before October 18, 2018). Failure to do so by this deadline will result in dismissal of the motion without prejudice.

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed as to **WEXFORD, KINK, AHMED, SHAW, BALDWIN,** and **BENTON.**

**IT IS FURTHER ORDERED** that **COUNT 2** will proceed as to **WEXFORD, KINK, AHMED, SHAW, BALDWIN,** and **BENTON.**

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **COUNT 3**, Plaintiff shall file the required affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, within 90 days of the date of this order (on or before December 17, 2018). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 3** may become a dismissal with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **WEXFORD, KINK, AHMED, SHAW, BALDWIN,** and **BENTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, **including consideration of Plaintiff's request for a preliminary injunction**. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 18, 2018**

                                                               s/ STACI M. YANDLE
                                                               **U.S. District Judge**